IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandon Roberts, #350242, | ) C/A No.: 2:15-CV-00483-MGL-MGB |
|                 Plaintiff, | ) |
| vs. | ) |
| | ) REPORT & RECOMMENDATION |
| | )    OF MAGISTRATE JUDGE |
| Sidney B. Jones, III, Delinquent Tax Collector; Dorchester County, | ) |
|                 Defendants. | ) |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings have been referred to the assigned United States Magistrate Judge.

On February 2, 2015, the Plaintiff filed a "Request for Temporary Restraining Order/PI." (Dkt. No. 3.) The Defendants filed a response on July 17, 2015. (Dkt. No. 23.) The Plaintiff seeks a preliminary injunction or temporary restraining order ("TRO") to stop the sale of the Plaintiff's property for delinquent taxes. (Dkt. No. 3.) The Plaintiff recently inherited the property from his father. (Id.)

A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a TRO or preliminary injunction, a plaintiff must show the following:

    (1) That he is likely to succeed on the merits,

    (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

    (3) that the balance of equities tips in his favor, and

    (4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying the Plaintiff's motion. (Dkt. No. 3.) In the case at bar, the Plaintiff has not met the Winter factors. His filing does not address the merits of his case or the likelihood of his success at all. (Dkt. No. 3.) His motion essentially restates the allegations in his Complaint. (Dkt. No. 1.) No evidence is cited or arguments made showing he is likely to succeed on the merits. He does state that irreparable harm will occur if the property is sold for the failure to pay taxes. (Id. at ¶ 10.) The Plaintiff does not make any argument or provide any evidence showing how the balance of the equities weigh in his favor. Finally, the Plaintiff does not address any public interest that would demand an injunction. Because the Plaintiff does not address three of the four Winter factors, this court recommends his "Request for Temporary Restraining Order/PI" (Dkt. No. 3) be denied.

Wherefore, it is RECOMMENDED that Plaintiff's "Request for Temporary Restraining Order/PI" (Dkt. No. 3) be DENIED.

IT IS SO RECOMMENDED.

July 29, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).