IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Brandon Roberts, #350242, ) | C/A No. 2:15-00483-MGL-MGB |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Sidney B. Jones, III, Delinquent Tax ) | |
| Collector and Dorchester County ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Defendants' Motion to Dismiss or in the alternative for Summary Judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. (Dkt. No. 34.) Plaintiff has pleaded numerous Constitutional claims relating to the sale of property due to delinquent property taxes.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, it is recommended that the motion to dismiss be granted and that the entire case be dismissed without prejudice.

## ALLEGED FACTS[1] & PROCEDURAL HISTORY

Plaintiff, Brandon Roberts, received 1.94 acres of land in Dorchester County from the estate of his late father. (Dkt. No. 43-1 at 4.) Plaintiff is a citizen of New York, but he was incarcerated in Maryland during the time relevant to this complaint. (Dkt. No. 1 at 2.)

---

[1] In a motion to dismiss the court must accept the Plaintiff's alleged facts as true and view them in a light most favorable to the Plaintiff. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

Plaintiff alleges that he was not provided with any information regarding the taxes that he owed on the property in Dorchester County. (*Id.* at 3.) Plaintiff claims that Defendant Jones informed him on October 24, 2014, that his property was sold on November 18, 2013, because Plaintiff failed to pay property taxes. (*Id.*) Plaintiff also alleges that Defendant Jones told him "that he was approaching the end of the redemption period on the property" and Plaintiff must pay $720.32 by November 19, 2014, or he would permanently lose the property. (*Id.* at 9.)

Plaintiff asserts that he was not informed of the delinquent property taxes until October 24, 2014, which was after the property had been seized. (*Id.* at 3.) Plaintiff contends that the time period (October 24, 2014 – November 19, 2014) that Defendant Jones gave him to pay the delinquent taxes was unreasonable. (*Id.* at 4.) Plaintiff also states that the defendants violated his Constitutional rights "by failing to allow an alternative method to make timely payment, by wiring the funds, then retract[ing] hours later shortly before a 5 : PM [sic] deadline time period in which the debt is to be paid." (*Id.* at 4.) It is not exactly clear what Plaintiff is alleging, but he later claims that the defendants initially agreed to allow him to pay $700 of the delinquent taxes with his credit card. (Dkt. No. 43-1 at 6.) Plaintiff claims that the defendants rescinded their offer to allow him to pay with a credit card, which deprived him of the ability to pay the delinquent taxes on short notice. (*Id.*) It is unclear if Plaintiff was able to pay $700 without using his credit card, but he alleges that the defendants would not give him a 24-hour extension to transfer the remaining twenty dollars and thirty-two cents. (Dkt. No. 1 at 4.) Plaintiff alleges various civil rights violations and violations of due process, both of which are brought pursuant to 42 U.S.C. §1983 (*Id.* at 1.) Plaintiff seeks injunctive relief, including the return of the property and notice of future taxes at least two to three months in advance. (Dkt. No. 1 at 7.) Plaintiff also seeks monetary relief, including punitive damages. (*Id.* at 8.) Plaintiff does not explicitly request

declaratory relief, but the Court would have to grant Plaintiff declaratory relief in order to grant monetary relief. (*Id*. at 7-8.)

Plaintiff filed this lawsuit on or about February 2, 2015. (Dkt. No. 1.) Plaintiff also filed a Motion for a Temporary Restraining Order/Preliminary Injunction on February 2, 2015, which was denied on July 29, 2015. (Dkt. No. 26.) Defendants filed a Motion to Dismiss or in the alternative for Summary Judgment on October 15, 2015. (Dkt. No. 34.) By order filed October 15, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 35.) Plaintiff filed a Response to Defendants' Motion to Dismiss on February 9, 2016. (Dkt. No. 43.) Defendants replied to Plaintiff's Response on February 19, 2016. (Dkt. 44.)

## **STANDARD OF REVIEW**

A *pro se* complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never

3

presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges whether the plaintiff has sufficiently established the court's subject matter jurisdiction. The Plaintiff bears the burden of showing his claims fall under federal jurisdiction. *William v. Meridian Mgm't Corp*., 50 F.3d 299, 304 (4th Cir. 1995) (citation omitted). In the case at bar, the Defendants contend that the Plaintiff has failed to allege any facts to support this court's subject matter jurisdiction. "When the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, 'all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Stogsdill v. Sebelius*, No. C/A No. 3:12-0007-TMC, 2013 WL 521483, at *2 (D.S.C. Feb. 11, 2013) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp*., 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).  However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## **DISCUSSION**

The Tax Injunction Act ("the Act") prevents this court from reaching the merits in this case. 28 U.S.C. § 1341. Section 1341 provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id*. The Act was "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981)(citations omitted).  The Supreme Court has held that "the Act divests the district court not only of jurisdiction to issue an injunction enjoining state officials, but also of jurisdiction to take actions that 'suspend or restrain' the assessment and collection of state taxes." *California v.*

*Grace Brethren Church*, 457 U.S. 393, 408 (1982).[2] In short, "the Tax Injunction Act generally prohibits federal district courts from enjoining state tax administration except in instances where the state-court remedy is not 'plain, speedy and efficient.'" *Rosewell*, 450 U.S. at 512.

All of the relief requested by Plaintiff is barred by the Act and the principle of comity. Plaintiff seeks injunctive, monetary, and declaratory relief. (Dkt. 1 at 7-8.) Plaintiff first requests injunctive relief, but this Court does not have jurisdiction to issue the requested injunctions. *Grace Brethren Church*, 457 U.S. at 408. ("[T]he Tax Injunction Act prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes."). Plaintiff also requests monetary damages, which are also barred by the Act because Plaintiff "will not recover damages under § 1983 unless a district court first determines that [defendants'] administration of the County tax system violated petitioners' constitutional rights." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113 (1981). In order for a district court to determine that the defendants' administration of the tax on Plaintiff's property was unconstitutional, the district court must enter a declaratory judgment, which is barred by the Act. *Grace Brethren Church*, 457 U.S. at 408. ("[T]he very language of the Act suggests that a federal court is prohibited from issuing declaratory relief in state tax cases.").

Additionally, "the principle of comity bars federal courts from granting damages relief in [state tax] cases." 454 U.S. at 113. In *McNary*, the Supreme Court observed that "[t]he legislative history of the Tax Injunction Act does not suggest that Congress intended that federal-court deference in state tax matters be limited to the actions enumerated in the Act. Thus, the

---

[2] The primary issue in *Grace Brethren Church* was "whether certain state and federal statutes violate the Establishment and Free Exercise Clauses of the First Amendment by requiring religious schools unaffiliated with any church to pay unemployment insurance taxes." 457 U.S. at 396. The Supreme Court was unable to reach the merits of the case because "the Tax Injunction Act, 28 U.S.C. § 1341, deprived the District Court of jurisdiction to hear [the] challenges." *Id*.

principle of comity which predated the Act was not restricted by its passage." *Id*. at 100. In order to award Plaintiff monetary damages this Court must enter a declaratory judgment, which is prohibited by the principle of comity because Plaintiff can litigate this matter under state law. *McNary*, 454 U.S. at 101 ("Recovery of damages under § 1983 would first require a determination of the unconstitutionality of the state tax scheme that would be fully as intrusive as the equitable actions that are barred by comity principles."); *see Matthews v. Rodgers*, 284 U.S. 521, 525-526 (1932) ("The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it.").

This court does not have jurisdiction in this case, absent a showing that Plaintiff does not have access to "a plain, speedy and efficient remedy" under South Carolina law. 28 U.S.C. § 1341. Plaintiff has not alleged that he does not have access to "a plain, speedy and efficient remedy" under South Carolina law. *Id.* In short, the court is unable to reach the merits of this case because the Tax Injunction Act deprives the court of subject matter jurisdiction.

## CONCLUSION

Accordingly, the undersigned RECOMMENDS that the Defendants' Motion to Dismiss (Dkt. No. 34) be GRANTED and that the entire case be dismissed without prejudice.[3]

IT IS SO RECOMMENDED.

June 2, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

## CONCLUSION

Accordingly, the undersigned RECOMMENDS that the Defendants' Motion to Dismiss (Dkt. No. 34) be GRANTED and that the entire case be dismissed without prejudice.[3]

IT IS SO RECOMMENDED.

June 2, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).